UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**EDWIN LEBRON,**

      Plaintiff,

vs.

**M TOWERS, LLC, AND
MAXYM OLEYNICHENKO,
INDIVIDUALLY,**

      Defendants.

_____/

**CASE NO.:**

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, EDWIN LEBRON, by and through the undersigned counsel, sues the Defendants, M TOWERS, LLC, a Georgia Limited Liability Company, and MAXYM OLEYNICHENKO, individually (hereinafter collectively referred to as "Defendants"), and in support thereof states as follows:

**INTRODUCTION**

1. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b), and 29 U.S.C. § 207(a).

1

2. The Fair Labor Standards Act was passed in 1938. Its principle purpose was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to the maintenance of minimum standards of living necessary for health, efficient, and the general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981).

3. Section 7(a) of the FLSA requires payment of time-and-one-half an employee's regular hourly rate whenever a covered employee works in excess of forty (40) hours per work week. 29 U.S.C. § 207(a).

4. The liquidated damages provision of the FLSA constitutes a congressional recognition that failure to pay the statutory minimum on time may be so detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and the general well-being of workers and to the free flow of commerce, that double payment must be made in the event of a delay in order to insure restoration of the worker to that minimum standard. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

5. To the extent any partial payments have been made by Defendants to Plaintiff of the disputed amounts at the time of the filing of this complaint, this action seeks to recover judgment in favor of Plaintiff and

against Defendants as well as all remaining damages, including but not limited to liquidated damages and reasonable attorneys' fees and costs. *Id.*

## JURISDICTION AND VENUE

6. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et *seq*., hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

7. The Jurisdiction of the Court over this controversy is based upon 28 U.S.C. §1331 and 29 U.S.C. §216(b).

8. Venue is proper in this judicial district given a substantial part of the events or omissions giving rise to this claim occurred in Gwinnett County, Georgia.

## PARTIES

9. At all times material hereto, Plaintiff was and continues to be a resident of Clayton County, Georgia.

10. Plaintiff was employed by Defendants multiple times between 2018 and 2021, as an hourly paid employee.

11. Defendant, M TOWERS, LLC, is a Georgia Limited Liability Corporation that operates and conducts business in Gwinnett County, Georgia and is therefore, within the jurisdiction of this Court.

12. At all times material hereto, MAXYM OLEYNICHENKO, is an individual resident of the State of Georgia, who owns and operates M TOWERS, LLC, and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations of M TOWERS, LLC.  By virtue of having regularly exercised that authority on behalf of  M TOWERS, LLC, MAXYM OLEYNICHENKO, is an employer as defined by 29 U.S.C. § 201, *et seq*.

## COVERAGE

13. At all times material hereto (the last three years), Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

14. At all times material hereto (the last three years), Plaintiff was an "employee" of Defendants within the meaning of FLSA.

15. At all times material hereto (the last three years), Defendants were Plaintiff's "employer" within the meaning of FLSA.

16. At all times material hereto, Defendants were and continue to be an enterprise engaged in the "production of goods for commerce," within the meaning of the FLSA.

17. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

18. At all times material hereto (the last three years), Defendants were and continue to be "an enterprise engaged in commerce," or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, in that the company had two or more employees:

    a. Engaged in commerce; or

    b. Engaged in the production of goods for commerce; or

    c. Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. wiring, tools/equipment, gasoline, antenna & radio materials, and/or computers).

19. Therefore, Defendants are an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

20. At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

21. The parties entered into a tolling agreement on June 21, 2021, which retroactively tolled Plaintiff's Statute of Limitations on February 1, 2021.

**STATEMENT OF FACTS**

22. Plaintiff began working for Defendants in 2018 as one of Defendants' foremen.

23. As a foreman, Plaintiff was required to regularly pick up each of his assigned crew members and then drive them to Defendants' jobsites.

24. Plaintiff and Defendants' crew members would usually drive several hours each way since most of Defendants' jobsites were located out of state.

25. Once the job was completed, Plaintiff was required to drive Defendants' crew members back and also return supplies/equipment to Defendants' warehouse.

26. Plaintiff was compensated for his commute to the jobsite, but only after the last crew member was picked up.

27. Plaintiff was not compensated for the time commuting back from the jobsite; despite Plaintiff being required to drop off each crew member and also being required to return supplies/equipment back to Defendants' warehouse.

28. Defendants would also automatically deduct thirty (30) minutes for lunch breaks and would deduct two breaks if Plaintiff worked more than twelve hours, even if Plaintiff did not take a break.

29. All of the allegations set forth in paragraphs twenty-three (23) to twenty-five (27) are discussed in the Defendants' Employee Handbook (*See* **Exhibit "A"**).

30. Plaintiff was a non-exempt hourly paid employee.

31. Plaintiff routinely worked for Defendants in excess of forty (40) hours within a work week as part of his job duties.

32. Plaintiff was not compensated at the rate of one and one-half times his regular rate for all hours that he worked in excess of forty (40) hours per week, as required by the FLSA.

33. As a result of these policies, Plaintiff was not properly compensated his overtime pay under the FLSA.

34. Plaintiff should have been compensated at the rate of one and one-half times his regular rate for those hours that he worked in excess of forty (40) hours per week, as required by the FLSA.

35. Based upon the above practices, Defendant violated the FLSA by failing to pay Plaintiff proper overtime pay for all hours worked.

## COUNT I
## <u>VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION</u>

36. Plaintiff re-alleges and reavers paragraphs one (1) through thirty-two (35) of the Complaint as if fully set forth herein.

37. From on or around 2018 to 2021 Plaintiff routinely worked in excess of forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times his regular rate of pay for each of his overtime hours worked.

38. Plaintiff was not properly compensated by the Defendant for all hours worked.

39. Plaintiff was and is entitled to be paid at the statutory rate of one and one-half times his regular rate of pay for each hour worked in excess of forty (40) hours per work week.

40. Defendants had knowledge of the drive time and lunch deductions for Plaintiff.

41. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times his regular rate of pay for the hours worked in excess of forty (40) hours per weeks when it knew, or should have known, such was, and is due.

42. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

43. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

44. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff, EDWIN LEBRON, demands judgment against Defendants for the payment of all unpaid overtime wages for which Defendants did not properly compensate him, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable as a matter of right by jury.

Respectfully submitted this 24th day of November, 2021.

/s/ **C. RYAN MORGAN**
C. Ryan Morgan, Esq.
Georgia Bar No. 711884
Morgan & Morgan, P.A.
20 N. Orange Ave., 15th Floor
Orlando, FL 32802-4979
T: (407) 420-1414
F: (407) 245-3401
E: RMorgan@forthepeople.com
*Attorneys for Plaintiff*